UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

VICTOR LAMOUNT JONES,

        Plaintiff,

Case No. 1:24-cv-766

v.

Honorable Maarten Vermaat

KENT COUNTY COURTHOUSE et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a Kent County Correctional Facility inmate under 42 U.S.C. § 1983.[1] The Court granted Plaintiff leave to proceed *in forma pauperis* in a prior order. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

---

[1] This matter was initially categorized under Civil Nature of Suit (NOS) Code 440; however, it is "an[] action[] other than mandamus brought by a prisoner currently in custody [that] . . . relates to his confinement [and] . . . it is not classifiable under any other nature of suit category under Prisoner Petitions [Code 550, 555, or 560]" *See* Civil NOS Code Descriptions (Rev. 04/21), https://www.uscourts.gov/sites/default/files/js_044_code_descriptions.pdf (last visited Oct. 16, 2024). Accordingly, the Court will order the Clerk to change the NOS code for this action to 540.

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under

the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[2]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated in the Kent County Correctional Facility following his *nolo contendere* plea to weapons-related charges in the Kent County Circuit Court. Register of Actions, *People v. Jones*, No. 23-05695 (Kent Cnty. Cir. Ct.), available at https://www.accesskent. com/CNSearch/appStart (select Criminal Case Search, enter First Name "Victor," enter Last Name

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

"Jones," enter Year of Birth "1977," select Search Criminal Cases, select Case Number "23-08256-FH") (last visited Oct. 11, 2024). Plaintiff entered his plea on March 25, 2024, the day his trial had been scheduled. *Id.* On June 3, 2024, Plaintiff was sentenced to 365 days in the Kent County Correctional Facility. *Id.* Plaintiff's "End of Sentence Date" is April 1, 2025. *See* https://www.accesskent.com/Sheriff/inmate-lookup.htm (select Search Inmates, select Access Site, enter Last Name "Jones," enter First Name "Victor," select Search, select Booking Number "2407114") (last visited Oct. 11, 2024).

Plaintiff sues the Kent County Courthouse, the Kent County Office of the Defender,[3] the Kent County Prosecutor's Office,[4] the West Michigan Defense Team,[5] Jason Siffert and Firm, Kent County Circuit Court Judge George Jay Quist,[6] Prosecutor Michael David Sheehan, Public

---

[3] Plaintiff identifies this Defendant as "Kent County Public Defenders Office." (Compl., ECF No. 1, PageID.1.) The Kent County Office of the Defender (KCOD) "is a private non-profit organization that is committed to excellence in the representation of indigent citizens charged with felonies." https://kcod.org/ (last visited Oct. 20, 2024). As relevant to the present case, the KCOD provided appointed counsel to the circuit and district courts in Kent County under contracts with the courts.

[4] Plaintiff identifies this Defendant as the "City of Grand Rapids Prosecutors Office." (Compl., ECF No. 1, PageID.1.) Grand Rapids has an Office of the City Attorney, but it does not prosecute felonies. *See* https://www.grandrapidsmi.gov/Government/Departments/Office-of-the-City-Attorney (last visited October 20, 2024). The Kent County Prosecutor's Office "appears for the State or County in all criminal prosecutions in Circuit Court of District Court . . . ." https://www.accesskent.com/Courts/Prosecutor/default.htm (last visited October 20, 2024). Plaintiff identifies as a Defendant "City of Grand Rapids Prosecutor Mickey Sheehan." (Compl., ECF No. 1, PageID.1.) Attorney Michael David Sheehan is employed with the Kent County Prosecutor's Office.

[5] Plaintiff identifies this Defendant as the "Michigan Dream Team Public Defenders Office." (Compl., ECF No. 1, PageID.1.) The Court has been unable to locate any such entity. Plaintiff offers another clue in that this Defendant is, apparently, the firm of Defendants Jeffrey Kortes and Steve Simkins. (Id., PageID.2–3.) Those attorneys, described by Plaintiff as "Public Defenders," do business under the name West Michigan Defense Team. *See* https://www.wmdtlawyers.com/our-firm/ (last visited Oct. 20, 2024).

[6] Plaintiff identifies the Defendant as "Micheal Quist," and Plaintiff identifies this Defendant's position as "Courthouse 61st District Judge." (Compl., ECF No. 1, PageID.2.) The 61st District Court does not have a judge by that name. *See* https://grcourt.org/directory/ (last visited Oct. 20,

4

Defender Jeffrey Kortes, and Public Defender Steve Simkins. All of the named Defendants had some involvement in Plaintiff's criminal prosecution.

The factual allegations in Plaintiff's initial complaint are not a model of clarity; but the crux of his complaint appears to be a contention that his defense attorneys and the prosecutor "profiled" Plaintiff because of a previous domestic violence conviction. (Compl., ECF No. 1, PageID.3.) Plaintiff claims he is falsely imprisoned, which has tortured him emotionally and mentally. (*Id*., PageID.4.) He claims the prosecutor could not prove his case. (*Id*.) Plaintiff claims that his Fourth, Sixth, and Eighth Amendment rights have been violated. (*Id*.) Plaintiff claims that Defendants have violated their respective oaths of office. (*Id*.)

On August 8, 2024, Plaintiff supplemented his complaint with additional allegations:

> [D]efendants in this complaint did willingly, openly, and brazenly (not to mention) intentionally deny or impe[]d[e] on my right to fair due process; intentional negligence of their judic[i]al duties by violating the terms of their strict liability in violating my 4th, 8th, 6th, 9th, [and] 14th Amendment rights. . . .
>
> My 4th Amendment right was violated by the defendant(s) in this civil action by issuing warrant(s) for my arrest base[d] on hearsay and no probable cause. My 8th by . . . der[e]lection of duty by the defendant Jeff Kortes by his lack of commun[i]cation & court appearance(s). My 6th was violated on 6/4/23 when not one of the state's listed witness[es] or officer(s) showed up for my prelim[inary] exam[ination]. My 9th was violated by defendant Steve Simkins on 6/19/23 when he disparaged me from processing with my prelim[inary] exam[ination] evan after I made my position known about the way I felt about him representing me in the processing or juncture. My 14th was violated by the defendant(s) Jeff Kortes, Steve Simkins, and Jason Siffert [who] human t[r]afficked me for the judic[i]al system and being ransomed to Kent county. The silencing of my plea to not wa[i]ver my right(s) to my prelim[inary] exam[ination] is a violation of my 1st Amend[ment] right. Defendant(s) enacted diss[i]menation or/and employed coerci[]on to have me violate my 5th Amend[ment] right.

(Supplement, ECF No. 9, PageID.26–27.)

---

2024). The judge presiding over Plaintiff's criminal prosecution was Judge George Jay Quist. The Court presumes that Plaintiff intended to name Judge Quist as a Defendant.

5

Plaintiff seeks $256,900,000.00 in damages and the disbarment of all individuals and "terms of contact be enforced." (Compl., ECF No. 1, PageID.4.)

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

6

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff claims that his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights have been violated. (Compl., ECF No. 1, PageID.4; Supplement, ECF No 9, PageID.26–27.)

### A. Kent County Courthouse

Plaintiff names the Kent County Courthouse as a defendant. The courthouse is a building; it is not an entity capable of being sued in its own right. *See, e.g.*, *Abdullah v. Quist*, No. 1:17-cv-24, 2017 WL 762402, at *3 (W.D. Mich. Feb. 28, 2017) (noting that the Kent County Courthouse and the Kent County Correctional Facility "are buildings, not entities capable of being sued in [their] own right"). Construing Plaintiff's complaint liberally, the Court will proceed as if Plaintiff intended to sue the Kent County Circuit Court rather than the courthouse.

The Sixth Circuit recently held that the Michigan Supreme Court, the Michigan Court of Appeals, and the Kent County Circuit Court "are not 'persons' that are suable under § 1983." *Stampone v. Mich. Supreme Ct.*, No. 24-1252, 2024 WL 4349743, at *3 (6th Cir. July 17, 2024) (citing *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336, 342–44 (6th Cir. 2023)). Accordingly, Plaintiff has failed to state a federal claim against the Kent County Circuit Court.

### B. Acting Under Color of State Law

Although Defendant Defense Attorneys Kortes, Simkins, and Siffert, as well as Defendant Kent County Office of the Defender and Defendant West Michigan Defense Team, might be "persons" under § 1983, Plaintiff cannot show that they acted under color of state law. In *Polk Cnty. v. Dodson*, the Supreme Court held that defense counsel performs a private, not an official, function:

7

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. 312, 318–19 (1981) (footnotes omitted). This is true even of the state-appointed and state-paid public defender. *Id.* at 321. Once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. Even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g.*, *Stampone*, 2024 WL 4349743, at *3 (citing *Polk County* and stating "[t]he court properly dismissed Stampone's claims against his court-appointed counsel . . . and their law firms because they did not act under color of state law by representing him"); *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Def.*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cnty. Ct. of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) (holding that privately retained defense counsel did not act under color of state law even though the acts related to state court litigation). Accordingly, because neither Plaintiff's defense attorneys nor their "offices" acted under color of state law, no claim under § 1983 can be maintained against them.

### C. Judge Quist

Plaintiff makes no factual allegations against Defendant Judge Quist. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550

8

U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendant Judge Quist in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's complaint, therefore, fails to state a claim against Defendant Judge Quist upon which relief may be granted.

### D. Prosecutor Sheehan

Plaintiff names Prosecutor Michael Sheehan as a defendant. The only mention of Defendant Sheehan in the complaint reads as follows: "I was . . . criminally profiled by my

9

Attorney(s) and City Prosecutor for previous Dom[estic] V[i]olence case from 6/22 conviction."[7] (Compl., ECF No. 1, PageID.3.) However, Plaintiff's rights were not violated in any way by the prosecutor's consideration of the prior domestic violence conviction in preparing charges for which he is presently incarcerated. Plaintiff was charged with being a felon in possession of a firearm and a fourth habitual offender. Plaintiff's prior domestic violence conviction would be relevant to both charges. Therefore, Plaintiff has failed to state a claim against Defendant Sheehan.

Even if the Court could conjure up some sort of constitutional violation from the scant facts Plaintiff has provided, his claim against Defendant Sheehan for monetary damages would still be properly dismissed on grounds of immunity. In *Price v. Montgomery Cnty., Ky.*, 72 F.4th 711 (6th Cir. 2023), the Sixth Circuit Court of Appeals explained prosecutorial immunity as follows:

> "American law has long recognized 'absolute immunity' for those 'whose special functions or constitutional status requires complete protection from suit.'" *Barnett v. Smithwick*, 835 F. App'x 31, 35–36 (6th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "That brand of immunity extends to government officers like prosecutors whose activities are 'intimately associated' with the judicial process." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Prosecutors, alongside defense counsel, are tasked with equipping judges and juries to accurately determine a defendant's guilt. That task necessarily entails making judgment calls as to how pre-trial matters are handled, trials are conducted, witnesses are used, and evidence is presented. *Imbler*, 424 U.S. at 426, 96 S.Ct. 984. Conduct of that ilk traditionally is accompanied by absolute immunity from civil liability. *Id.* at 426–27, 96 S.Ct. 984. In fact, prosecutorial immunity has a long reach—it extends even to "unquestionably illegal or improper conduct," including instances where a defendant is genuinely wronged. *Cady v. Arenac County*, 574 F.3d 334, 340 (6th

---

[7] Plaintiff's criminal conviction information is available on the Michigan Department of Corrections Offender Tracking Information System website, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=239553 (last visited Oct. 20, 2024); the Kent County Correctional Facility Inmate Lookup, https://www.accesskent.com/Sheriff/inmate-lookup.htm (select Search Inmates, select Access Site, enter Last Name "Jones," enter First Name "Victor," select Search, select Booking Number "2407114") (last visited Oct. 20, 2024); and the Kent County Circuit Court website, https://www.accesskent.com/CNSearch/appStart (select Criminal Case Search, enter First Name "Victor," enter Last Name "Jones," enter Year of Birth "1977," select Search Criminal Cases, select Case Number "21-01940-FH") (last visited Oct. 20, 2024). Plaintiff has a domestic violence conviction in 2021, but no such conviction in 2022.

> Cir. 2009). Why? To serve "the broader public interest" in preventing retaliatory lawsuits against prosecutors from gumming up the wheels of justice. *Imbler*, 424 U.S. at 427, 96 S.Ct. 984. That said, immunity from suit does not immunize badly behaving prosecutors from other forms of accountability—they can be subjected to court sanctions, removal from office, and criminal charges, among other ramifications. *Id*. at 428–29, 96 S.Ct. 984.
>
> Prosecutorial immunity's reach, however, has its limits. *Buckley*, 509 U.S. at 273, 113 S.Ct. 2606. Conduct that falls outside the cloak of absolute immunity includes instances where the prosecutor's actions are not intimately associated with the judicial process. *Id*. That could include, for example, investigative efforts to obtain an arrest warrant, authorize wiretaps, or advise the police. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (discussing *Kalina v. Fletcher*, 522 U.S. 118, 130–31, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Burns v. Reed*, 500 U.S. 478, 496, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 520, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); and *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (en banc)). It could also include other acts committed before or after the criminal proceeding. *Id*. at 798–99. In those and similar settings, prosecutors receive only qualified immunity. *Buckley*, 509 U.S. at 269, 113 S.Ct. 2606.

*Price*, 72 F.4th at 719–20. The facts Plaintiff has alleged support the inference that the prosecutor's consideration of the prior domestic violence conviction was intimately associated with the judicial process. Plaintiff has not alleged any facts to suggest the contrary. Accordingly, the Court concludes that Defendant Sheehan enjoys absolute prosecutorial immunity from Plaintiff's claim for monetary damages.

### E.    Kent County Prosecutor's Office

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Kent County Prosecutor's Office is an arm of

11

the state and is entitled to Eleventh Amendment immunity. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342–44 (6th Cir. 2009); *Stampone*, 2024 WL 770617, at *11 (stating "the Kent County Prosecutor's Office, when prosecuting state criminal charges, is also an 'arm of the state' and is entitled to Eleventh Amendment immunity").

Moreover, the State of Michigan (acting through the Kent County Prosecutor's Office) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Lamb v. Wallace*, No. 16-6253, 2017 WL 3597004, at *2 (6th Cir. July 13, 2017) (noting that [t]he Warren County Attorney's Office is an agency of the state . . . and thus is not a 'person' subject to suit under 42 U.S.C. § 1983").

For all of these reasons, Plaintiff has failed to state a claim against the Kent County Prosecutor's Office.

### F.    State Law Claims

In Plaintiff's complaint and supplement, he references "negligence, "dereliction of duty," "human t[r]affick[ing]," "coer[ci]on." "false[] imprison[ment], "emotional[]/mental[] torture," and "violat[ion] . . . [of Defendants' Oath[s] of Office." (Compl., ECF No. 1, PageID.3–4; Suppl., ECF No. 9, PageID.26–27.) Plaintiff may have intended his use of these terms to signal violations of state law. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent Plaintiff asserts that Defendants violated state law, therefore, fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, Plaintiff's federal claims in this action will be dismissed, and the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## Conclusion

The Clerk will be directed to classify this case under Civil NOS Code 540. Having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42

U.S.C. § 1997e(c). The Court will dismiss Plaintiff's state-law claims without prejudice because the Court declines to exercise supplemental jurisdiction over them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  November 1, 2024               /s/ *Maarten Vermaat*
                                            Maarten Vermaat
                                            United States Magistrate Judge